# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **LAUREN FRIEDMAN**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**ARMOR HEALTH OF COLLIER COUNTY, LLC**, a Florida limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:22-cv-698<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **LAUREN FRIEDMAN** ("**FRIEDMAN**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## PARTIES

2. The Plaintiff, **LAUREN FRIEDMAN** ("**FRIEDMAN**") is an individual and a resident of Florida who at all material times resided in Collier

1

County, Florida. **FRIEDMAN** performed work for the Defendant in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **FRIEDMAN** was an employee within the contemplation of the FMLA.

3.  Defendant, **ARMOR HEALTH OF COLLIER COUNTY, LLC** ("ARMOR" or "Defendant") is a Florida limited liability company, and employed **FRIEDMAN** in Collier County, Florida.

4.  The Defendant employs in excess of 50 employees, and was **FRIEDMAN**'s employer within the meaning of the FMLA.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.  Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued primarily in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7.  **FRIEDMAN** originally began her employment with the Defendant in 2018, and was employed as a mental health clinician.

2

8. **FRIEDMAN** performed her assigned duties in a professional manner and was very well qualified for her position despite her serious health conditions and disabilities.

9. In or about December 2021, **FRIEDMAN** began to suffer flareups related to serious health conditions that included thyroid complications and epilepsy.

10. On or about December 8, 2022, **FRIEDMAN** requested reduced schedule FMLA leave, which request was summarily denied by the Defendant.

11. **FRIEDMAN** continued to make additional requests for the reduced schedule FMLA leave but was told on January 24, 2022 only that "the request cannot be approved at this time."

12. The Defendant's arbitrary denial of **FRIEDMAN**'s requests for reduced schedule FMLA leave caused her serious health conditions to worsen, and on February 25, 2022, **FRIEDMAN** informed her supervisor and Defendant's human resources department that she required full FMLA leave.

13. **FRIEDMAN**'s physician certified her need for FMLA to commence on February 26, 2022, which leave was scheduled to last approximately 10-weeks. The Defendant approved **FRIEDMAN**'s request for FMLA leave.

14. However, **FRIEDMAN**'s serious health conditions improved more swiftly, and she requested to return from FMLA leave sooner than the anticipated 10-weeks.

15. On April 30, 2022, **FRIEDMAN** returned to work. However, the Defendant only allowed her to work for 3-days before informing her that she was being terminated.

16. The Defendant terminate **FRIEDMAN** on or about May 3, 2022.

17. The Defendant had not issued **FRIEDMAN** any warnings, discipline or critiques regarding her work performance prior to her requesting FMLA leave.

18. The Defendant interfered with **FRIEDMAN**'s FMLA rights and terminated her employment because she requested and took FMLA leave.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

19. The Plaintiff hereby incorporates by reference Paragraphs 1-18 in this Count by reference as though fully set forth below.

20. **FRIEDMAN** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she began suffering from a serious health condition, **FRIEDMAN** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

21. **FRIEDMAN** informed the Defendant of her likely need for leave for her serious health condition.

22. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

23. If the Defendant were to have decided that **FRIEDMAN**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

24. The Defendant has never provided **FRIEDMAN** with any notice disqualifying her FMLA leave.

25. In fact, the Defendant should have determined that **FRIEDMAN** was eligible for leave under the FMLA and yet refused to allow her leave.

26. **FRIEDMAN** engaged in activity protected by the FMLA when she requested leave due to her serious health conditions, consistently informing the Defendant of the same.

27. The Defendant knew, or should have known, that **FRIEDMAN** was exercising her rights under the FMLA and was aware of **FRIEDMAN**'s need for FMLA-protected absence.

28. **FRIEDMAN** complied with all of the notice and due diligence requirements of the FMLA.

29. The Defendant was obligated, but failed, to allow **FRIEDMAN** to take FMLA leave and to return **FRIEDMAN**, an employee who requested FMLA leave,

5

to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

30. As a result of the above-described violations of FMLA, **FRIEDMAN** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

31. The Plaintiff hereby incorporates by reference Paragraphs 1-18 in this Count by reference as though fully set forth below.

32. **FRIEDMAN** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and

**FRIEDMAN** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

33.  **FRIEDMAN** informed the Defendant of her need for leave due to her serious health conditions.

34.  The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

35.  If the Defendant were to have decided that **FRIEDMAN**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

36.  The Defendant has never provided **FRIEDMAN** with any notice disqualifying her FMLA leave.

37.  In fact, the Defendant determined that **FRIEDMAN** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and required reinstatement.

38.  **FRIEDMAN** engaged in activity protected by the **FMLA** when she requested leave due to her serious health conditions, consistently informing the Defendant of the same.

39.  The Defendant knew that **FRIEDMAN** was exercising her rights under the FMLA.

40.     **FRIEDMAN** complied with all of the notice and due diligence requirements of the FMLA.

41.     A causal connection exists between **FRIEDMAN**'s request for FMLA-protected leave and required reinstatement and the Defendant's termination of her employment.

42.     The Defendant retaliated by altering the terms and conditions of **FRIEDMAN**'s employment by terminating **FRIEDMAN**'s employment because she engaged in the statutorily protected activity of requesting and taking FMLA leave. The Defendant terminated her because she engaged in this statutorily protected activity.

43.     The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **FRIEDMAN**'s employment because she engaged in activity protected by the FMLA. As a result of the above-described violations of FMLA, **FRIEDMAN** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable

attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **LAUREN FRIEDMAN**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

                        Respectfully submitted,

Dated: October 28, 2022       **/s/ Benjamin H. Yormak**
                                    Benjamin H. Yormak
                                    Florida Bar Number 71272
                                    Lead Counsel for Plaintiff
                                    YORMAK EMPLOYMENT & DISABILITY LAW
                                    27200 Riverview Center Blvd., Suite 109
                                    Bonita Springs, Florida 34134
                                    Telephone: (239) 985-9691
                                    Fax: (239) 288-2534
                                    Email: byormak@yormaklaw.com